(C. D. 984)

W. N. PROCTOR CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 20, 1946)

*Henry L. Ziegel* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

LAWRENCE, Judge: Merchandise described on the invoice as "BRIGHT H. & T. SECTORAL STEEL CARD WIRE," imported from England, was advisorily returned for duty by the appraiser as wire, not specially provided for, and duty was assessed thereon at the rate of 25 per centum ad valorem under paragraph 316 (a) of the Tariff Act of 1930. A red-ink notation on the invoice states that the "wire is neither round nor flat."

The plaintiff contends that said wire is dutiable at only 20 per centum ad valorem under paragraph 316 (a), *supra,* by virtue of the trade agreement entered into between the United States and Sweden, effective August 5, 1935, 68 Treas. Dec. 19, T. D. 47785, alleging that the proclaimed rates of duty set forth in schedule II of said trade agreement are extended to Great Britain. Paragraph 316 (a), under which the merchandise was classified, reads, so far as here pertinent:

Par. 316. (a) Round iron or steel wire, not smaller than ninety-five one-thousandths of one inch in diameter, three-fourths of 1 cent per pound; smaller than ninety-five one-thousandths and not smaller than sixty-five one-thousandths of one inch in diameter, 1¼ cents per pound; smaller than sixty-five one-thousandths of one inch in diameter, 1½ cents per pound: *Provided,* That all the foregoing valued above 6 cents per pound shall be subject to a duty of 25 per centum ad valorem; all wire composed of iron, steel, or other metal, not specially provided for * * * 25 per centum ad valorem: * * *.

The foregoing paragraph, so far as here applicable, was modified by said Swedish Trade Agreement wherein it is provided that "*Round* iron or steel wire, valued above 6 cents per pound" shall be dutiable at the rate of 20 per centum ad valorem. It may be noted that the paragraph was also modified by said trade agreement to provide that "All *flat* wires and all steel in strips," with certain qualifications not important to recite here, shall be subject to rates of duty lower than those prescribed in the statute. [Italics supplied.]

At the hearing, counsel for the parties agreed to submit this case upon the statement of facts appearing in the appraiser's answer to protest and upon the sample of the merchandise in evidence herein marked "Exhibit 1." Said statement reads:

Merchandise subject of protest consists of bright hardened and tempered steel card wire used in the manufacture of card clothing. It is valued at 2s/4¾d per lb. less 15% discount. The wire is elliptical in shape and is neither round

wire nor flat wire. It was advisorily classified by this office as wire n. s. p. f. at 25% under Par. 316, Tariff Act of 1930, which classification we believe to be correct.

The Swedish Trade Agreement specifies reduced rates for round steel wire valued at over 6¢ per pound, and also for certain flat steel wires but makes no provision for steel wires which are shaped other than round or flat.

The plaintiff contends that although the imported wire is concededly elliptical in shape, nevertheless, it is within the common and ordinary conception and acceptation of what constitutes "round" wire. When used as an adjective the word "round" is defined as follows:

1. Having every part of the surface or of the circumference equally distant from a center within; spherical, circular, or globular, or approximately so; as, a *round* disk or ball.

3. Having a curved outline or form, esp., one like the arc of a circle or an ellipse, or a portion of the surface of a sphere; rotund; not angular or pointed.—Webster's New International Dictionary, 1943.

1. a. Having such a contour that a section in some direction will be circular or approximately so; especially, circular, spherical, or cylindrical; as, a *round* apple; a *round* gun-barrel.—Funk & Wagnalls New Standard Dictionary, 1942.

3. Spherical; globular; compressed about a center; collected into a shape more or less exactly spherical.—The Century Dictionary, vol. I, p. 5242.

1. Having all parts of the surface equidistant from the centre; spherical, globular; resembling a ball.

4. Having all parts of the circumference equidistant from the centre; circular, formed like a circle; also, annular, spiral.—The Oxford Dictionary, vol. VIII, pt. 1, p. 823.

In Knight's American Mechanical Dictionary, vol. III, page 2787, under the word "wire" appears the following:

Wire is usually cylindrical, but it is also made of various other forms, as oval, half-round, square, and triangular, and of more complicated shapes for small pinions; * * *.

On the same page in the same authority appears "Fig. 7262" in which are depicted 10 separate and distinct shapes of wire, only one of which appears to us to be "round" as we regard the word in its ordinary sense and common understanding, that is, cylindrical or circular in form.

The adjective "elliptical" is defined as—

2. Of or pertaining to an ellipse; having the form of an ellipse; oblong with rounded ends * * *.—Webster's New International Dictionary.

3. * * *; more than twice as long as broad, parallel-sided in the middle, and rounded at both ends, but in general more broadly so at the base.—The Century Dictionary, vol. II, p. 1880.

1. a. Of, pertaining to, or shaped like an ellipse; oblong with rounded ends.—Funk & Wagnalls New Standard Dictionary, 1942.

Webster defines "oblong" as—

a. Elongated, esp. as deviating from a square or circular form; longer in one direction than in another, with sides parallel or nearly so; specif.: a. *Geom.* Rectangular, with adjacent sides unequal.

It will be seen from a reading of the foregoing definitions that there can be little, if any, merit in the contention that the present wire, which is admittedly elliptical in shape, may, for tariff purposes, be considered and treated as a "round" wire. As indicated above, both the statute and the trade agreement with Sweden differentiate between the terms "round" and "flat" wires. Accordingly, we regard as sound the contention of the defendant that a wire which is elliptical in shape, as in the present case, may not be classified under a tariff provision which calls for "round" wire. As well insist that it is dutiable as "flat" wire as to urge its classification as "round" wire.

Inasmuch as we are satisfied that there exists no ambiguity in the language of the statute, we must interpret the word "round" in the sense in which it is ordinarily and commonly understood, as denoting an article having "every part of the surface or of the circumference equally distant from a center within; spherical, circular, * * * or approximately so," as defined by Webster and other recognized authorities.

Therefore, in the absence of evidence establishing some special or restricted meaning of the word "round" as applied to wire, and since our attention has not been invited to any authority leading to a different conclusion, we are of the opinion, upon the record before us, that there has been a complete failure on the part of the plaintiff to overcome the presumption of correctness which ordinarily attends the classification of the collector. Accordingly, his decision that the importation is properly classifiable as wire, not specially provided for, under paragraph 316 (a), *supra*, is affirmed.

The protest is in all respects overruled and judgment will be entered accordingly.